**CANAL PROPERTIES, LLC, Plaintiff–counter–defendant–Appellant,**

v.

**ALLIANT TAX CREDIT V, INC.; et al., Defendants–counter–claimants–Appellees.**

**Canal Properties, LLC, Plaintiff–counter–defendant–Appellee,**

v.

**Alliant Tax Credit V, Inc.; et al., Defendants–counter–claimants–Appellants.**

Nos. 05–15253, 05–15459.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2007.

Filed Feb. 16, 2007.

Mark Fogelman, Esq., Steefel Levitt & Weiss, San Francisco, CA, for Plaintiff–counter–defendant–Appellant/Plaintiff–counter–defendant–Appellee.

Richard Denatale, Esq., Scott E. Morgan, Heller Ehrman, LLP, San Francisco, CA, for Defendants–counter–claimants–Appellees/Defendants–counter–claimants–Appellants.

Before: REINHARDT, RYMER, and SILVERMAN, Circuit Judges.

## MEMORANDUM *

Canal Properties, LLC appeals the district court's judgment following a jury verdict in favor of Alliant Tax Credit V, Inc. and Alliant Tax Credit Fund V Limited Partnership in this breach of contract action. We affirm.

■■■ We agree with the district court that the removal provision of the partnership agreement was enforceable. California Corporations Code § 15619 provides that the terms in a partnership agreement setting out the consequences for a breach of the agreement are enforceable unless they were unreasonable under the circumstances existing at the time the agreement was made. The evidence before the district court supported a finding that the provision was a standard term in the industry, that it was negotiated by parties who were represented by counsel, and therefore, that it was not unreasonable when it was made. We are inclined to agree with the district court that § 15619 supercedes the general rule against forfeitures set out in California Civil Code § 3275. "A specific provision relating to a particular subject will govern in respect to that subject, as against a general provision. . . ." *San Francisco Taxpayers Ass'n*

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*v. Board of Supervisors,* 2 Cal.4th 571, 577, 7 Cal.Rptr.2d 245, 828 P.2d 147 (1992) (quoting *Rose v. State,* 19 Cal.2d 713, 723–24, 123 P.2d 505 (1942)). However, even if § 3275 *does* apply, the district court did not abuse its discretion in ruling that the partnership agreement did not work a disproportionate forfeiture in this case.

A district court's denial of a motion to amend a complaint is reviewed for abuse of discretion. *Solomon v. North American Life and Cas. Ins. Co.,* 151 F.3d 1132, 1138 (9th Cir.1998). District courts do not abuse their discretion when they deny motions to amend that would cause undue delay and prejudice. *See Texaco, Inc. v. Ponsoldt,* 939 F.2d 794, 798 (9th Cir.1991). The motion to amend was made just a few weeks before trial, after discovery had closed and the time for dispositive motions had come and gone. The district court found that Canal's proposed amendment would delay the trial, would require that discovery be reopened, and would increase litigation costs to all parties. The district court did not abuse its discretion in denying Canal's motion to amend.

A district court's formulation of civil jury instructions is reviewed for abuse of discretion. *White v. Ford Motor Co.,* 312 F.3d 998, 1012 (9th Cir.2002). District courts have broad discretion in tailoring jury instructions as long as the instructions are fair, adequate, correct, and not misleading. *Kendall–Jackson Winery, Ltd. v. E. & J. Gallo Winery,* 150 F.3d 1042, 1051 (9th Cir.1998). The district court did not abuse its discretion in excising the partial breach language from BAJI 10.86 or in refusing Canal's proffered long-form *Sackett v. Spindler* instruction. *See* 248 Cal.App.2d 220, 229, 56 Cal.Rptr. 435 (1967). It correctly advised the jury that materiality depends on the seriousness of the breach and the probability of the injured party obtaining substantial perform-

ance. This was a correct statement of the law. The district court did not err in excising the partial breach language from BAJI 10.86 because the only question before the jury was whether Canal materially breached the agreement. There was no question of whether Canal's breach was only partial.

In Case No. 05–15459, Canal appealed and Alliant cross-appealed the district court's order awarding attorneys' fees. Since Canal did not challenge this order in its opening brief, it waived its appeal. Alliant dropped its cross-appeal in its answering brief.

**AFFIRMED.**